# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
# (CIVIL DIVISION)

JOANN FREELY,
10500 Battleview Parkway
Manassas, VA 20108,

    *Plaintiff,*

    **v.**

PATRICK M. SHANAHAN,
Acting Secretary,
U.S. Department of Defense,

    *Defendant.*

Case No.:_____

Jury Demanded

## COMPLAINT

**COMES NOW** the Plaintiff Joann Freely, by and through her undersigned counsel, and sues Defendant, Secretary, U.S. Department of Defense for the cause of action stated as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff Joan Freely ("Plaintiff" or "Ms. Freely") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq. for relief based upon her being subjected to a hostile work environment and discrimination based on her race.

2. Defendant, Patrick M. Shanahan, Secretary of the U.S. Department of Defense ("Defendant") discriminated against Plaintiff by subjecting her to discriminatory treatment on the basis of her race and a hostile work environment during the course of her employment with the U.S. Department of Defense.

## PARTIES

3. Plaintiff Joann Freely is currently domiciled at 10500 Battleview Parkway, Manassas, Virginia 20108, and is a United States citizen. At all relevant times, Ms. Freely was an employee of the U.S. Department of Defense.

4. Defendant Acting Secretary, Patrick M. Shanahan is being sued in his official capacity as the Acting Secretary of the U.S. Department of Defense. The U.S. Department of Defense is a Department of the United States Government, and is headquartered in Washington, DC.

5. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Complaint pursuant to 29 U.S.C. Section 791, Section 201 of the Congressional Accountability Act and pursuant to Section 2000 *et. seq.*, Title VII of the Civil Rights Act of 1964, *as amended*, and 28 U.S.C. Sections 1331, 1337 and 1343. Venue is appropriate and based on the fact that a substantial part of the actions complained herein are the result of actions and employment practices of Defendant, a federal government Agency that operates and is has its Headquarters within the District of Columbia.

7. Venue is proper in the District of Columbia under 42 U.S.C. § 2000e-5(f)(3), incorporated in 42 U.S.C. § 2000e-16(d), because the events giving rise to the claims occurred in the District of Columbia, and because the relevant employment records are in the District of Columbia.

## **EXHAUSTION OF REMEDIES**

8. Plaintiff has exhausted all of her administrative remedies related to this case.

9. On February 9, 2012, the Plaintiff initiated EEO contact, counseling ensued, and subsequently, on March 9, 2012, the Plaintiff was issued her Notice of Right to File a Formal Complaint.

10. On April 6, 2012, the Plaintiff timely filed her formal EEO complaint over the subject matter at issue in this case.

11. On April 27, 2017, Administrative Judge Kevin McEvoy granted the Agency's Motion for Summary Judgment and issued a Decision on Plaintiff's race finding that she was not the victim of discrimination.

12. On May 11, 2017, the Agency issued a Final Agency Decision (FAD) fully implementing the EEOC Administrative Judge's decision.

13. On June 19, 2017, the Plaintiff timely noted an appeal.

14. On or about October 31, 2018, the EEOC issued its Decision affirming the Agency's Final Agency Decision (FAD).

15. On or about November 5, 2018, the Plaintiff received the EEOC's Decision affirming the Agency's Final Agency Decision (FAD) and Notice of Right to File a Civil Action.

16. Plaintiff timely files this civil action within ninety (90) days of receipt of the EEOC's Decision and Notice of Right to File a Civil Action.

**FACTS**

17. Plaintiff, JoAnn Freely, an African-American was employed by the U.S. Department of Defense, Defense Contract Management Agency as a Contract Administrator, GS-1102-11.

18. Kenneth Caryer (hereinafter "Mr. Caryer"), Supervisory Contract Specialist, Contracts Group, GS-1102-13, served as Plaintiff's first-level supervisor at all relevant times during the Defendant's discriminatory actions raised by Plaintiff in the instant case.

19. Esperanza Echegaray (hereinafter "Echegaray"), Contracts Director, Contract Group, GS-1102-15, served as Plaintiff's second-level supervisor at all relevant times during the Agency's discriminatory actions raised by Plaintiff in the instant case

20. On or about November 30, 2011, Mr. Caryer issued Plaintiff a *Notification of Unacceptable Performance and Issuance of a Performance Improvement Plan (PIP)* to address alleged issues regarding Plaintiff's performance.

21. Plaintiff remained on the PIP for ninety (90) days starting November 30, 2011 through her successful completion of the PIP at the expiration of the PIP period.

22. Subsequently, on February 15, 2012, Plaintiff submitted a leave request to Mr. Caryer in an effort to take leave on February 17, 2012. Mr. Caryer denied Plaintiff's request for leave because Plaintiff allegedly "had an assignment that needed to be done."

23. Plaintiff submitted the "assignment that needed to be done" to Mr. Caryer on February 15, 2012. Plaintiff further followed Mr. Caryer's instructions to coordinate her leave requests with Stephen Reichel (hereinafter "Mr. Reichel").

24.     As such, Plaintiff was not able to attend work on February 17, 2012, in accordance with her request for leave that she submitted to Mr. Caryer two days prior that was approved by Mr. Reichel, despite Mr. Caryer's denial of the request.

25.     On or about February 24, 2012, Mr. Caryer proceeded to issue Plaintiff a Letter of Warning and Instruction for taking leave on February 17, 2012, despite Mr. Caryer's denial of Plaintiff's request because Plaintiff allegedly "had still not complied with [Caryer's] 9 Feb performance improvement plan directions to provide [Plaintiff's] plan as a way forward to achieving results on [Plaintiff's] assigned WR Systems quick closeout initiative."

26.     In or around April 2012, Plaintiff submitted a request to Caryer to attend "Cost Accountant Standards Training."

27.     Mr. Caryer denied Plaintiff's request to attend the training; however, Mr. Caryer allowed Contract Administrator Matthew Fox, a Caucasian, to attend the training, despite his denial of Plaintiff's request to attend the exact same training.

## COUNT ONE

**(VIOLATION OF TITLE VII- DISPARATE TREATMENT ON THE BASIS OF RACE)**

28.     Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 27 above, as if fully set forth herein.

29.     Title VII prohibits discrimination in employment on the basis of race.

30.     Plaintiff is a member of a protected class (African-American); she has been subjected to differential treatment based on her race.

31.     Additionally, Plaintiff suffered a hostile work environment that affected a term, condition, or privilege of her employment which was typified by heightened scrutiny of her

work, imposition of a PIP, denial of requested leave, and denial of a training opportunity which was treatment her non-African-American co-workers did not receive.

32. As a government agency, the Defendant must comply with Title VII.

33. Employees who were not of African-American descent, like Matthew Fox, a Caucasian, were treated more favorably by receiving training opportunities that Plaintiff did not receive and did not receive the same level of heightened scrutiny of their work.

34. The foregoing actions by Defendant constitute discrimination against the Plaintiff because of her race, and infringe on her exercise and enjoyment of rights to be free from unlawful and discriminatory employment practices, in violation of Title VII.

35. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: humiliation, pain and suffering, emotional distress, medical costs and treatment, and other financial losses.

## COUNT TWO

### (VIOLATION OF TITLE VII-HOSTILE WORK ENVIRONMENT BASED ON RETALIATION)

36. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 27 and 28 to 35 above, as if fully set forth herein.

37. Title VII prohibits discrimination in employment on the basis of race.

38. Plaintiff is a member of a protected class (African-American). At all relevant times, during her employment with Defendant, Plaintiff was subjected to a hostile work environment that affected a term, condition, or privilege of her employment as a result of her membership in a protected class.

39. The hostile work environment suffered by Plaintiff was typified by heightened scrutiny of her work, imposition of a PIP, denial of requested leave, and denial of a training opportunity which was treatment her non-African-American co-workers did not receive.

40. As a government agency, the Defendant must comply with Title VII.

41. The foregoing actions by Defendant constitute discrimination against the Plaintiff because of her race, and infringe on her exercise and enjoyment of rights to be free from unlawful and discriminatory employment practices, in violation of Title VII.

42. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: humiliation, pain and suffering, emotional distress, medical costs and treatment, and other financial losses.

## COUNT THREE

### (VIOLATION OF TITLE VII-RETALIATION)

43. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 27, 28 to 35 and 36 to 42 above, as if fully set forth herein.

44. Title VII prohibits retaliation in employment and protects employees engaging in statutorily protected activity.

45. As a government agency, the Defendant must comply with Title VII.

46. Plaintiff engaged in protected activity when she complained to the Defendant's EEO office about being subjected to differential treatment based upon her race. Plaintiff was retaliated against when she was denied a training opportunity.

47. The foregoing actions by Defendant constitute discrimination against the Plaintiff because of her race, and infringe on her exercise and enjoyment of rights to be free from unlawful and discriminatory employment practices, in violation of Title VII.

48. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: humiliation, pain and suffering, emotional distress, medical costs and treatment, and other financial losses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Joann Freely, respectfully prays that this Court grant him the following relief:

a.) Enter a declaratory judgment finding that the foregoing actions of Defendant violated Title VII.

b.) Enter a permanent injunction directing Defendant to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

c.) Order the Defendant institute a policy and procedure to be implemented against discrimination;

d.) Order Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

e.) Order supervisory training for the supervisors at issue herein;

f.) Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00), which would fully compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress caused by the conduct of Defendant alleged herein;

g.) Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

h.) Award lost wages;

i.) Award back pay and benefits, with interest; k.)

Award future wages;

j.) Award reasonable attorney fees, costs, and expenses incurred for this action;

k.) Award equitable, declaratory, and injunctive relief; and

l.) Award Plaintiff reasonable attorneys' fees and costs incurred in this action; and

m.) Order such other relief as this Honorable Court deems just and proper.

## Equitable Relief

n.) Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

o.) Plaintiff requests all equitable relief which can be afforded him under the law because the continued employment of the supervisors responsible for the actions alleged herein, without training in equal employment opportunity law, rules and regulations, represents a clear and present danger to the employees of Defendant which could result in further illegal actions on the party of Defendant, by and through its agents, servants, and employees.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues in this case so triable.

Dated: February 4, 2019

        Respectfully submitted,

        /S/ Donna Williams Rucker
        Donna Williams Rucker, Esq.
        Deputy Managing Partner
        Labor & Employment Law Practice Group

        TULLY RINCKEY PLLC

        815 Connecticut Avenue N.W., Suite 720
        Washington, DC 20006
        Phone: (202) 787-1900
        Fax: (202) 640-2059
        Email: DRucker@fedattorney.com

        **ATTORNEY FOR PLAINTIFF**