UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOANN FREELY,

    Plaintiff,

  v.

PATRICK M. SHANAHAN,

    Defendant.

Civil Action No. 19-286 (CKK)

**MEMORANDUM OPINION**
(June 24, 2019)

The Court has received Plaintiff's [12] Motion to Vacate Dismissal *Nunc Pro Tunc and Reopen Case* [sic], as well as an updated version docketed at ECF No. 13 ("Pl.'s Mot."). Taken collectively, these filings represent Plaintiff's third attempt to reopen a case that the Court has dismissed without prejudice. The Court expressly incorporates by reference its Order of May 22, 2019, which sets forth why the Court rejected her second attempt.

Plaintiff filed her case on February 4, 2019, which she claims was the date that her 90-day statute of limitations ran. Pl.'s Mot. at 1 (asserting that filing was "timely"). But she also states that she received the administrative decision triggering that statute "[o]n or about" October 31, 2018. *Id.* That was clearly more than ninety days before she filed her Complaint and suggests that time lapsed before this case was filed. Yet, Plaintiff's present representation conflicts with her Complaint, which states that she received the decision "[o]n or about" November 5, 2018, and would support her assessment that her filing was timely. Compl., ECF No. 1, ¶ 15.

In any case, assuming, *arguendo*, a timely filing, Plaintiff then had ninety days to effect service under Federal Rule of Civil Procedure 4(m). When she had not filed proof of service by May 7, 2019, the Court gave her until May 10, 2019, to effect service and file proof thereof, or to establish good cause for not doing so. Rule 4(m) Order, ECF No. 3. When Plaintiff failed to do

1

either, the Court dismissed the case without prejudice on May 14, 2019, which was 99 days after the Complaint was filed. Order, ECF No. 6.

Unlike her prior motions to reinstate this case, and reconsider denial of reinstatement, Plaintiff has now moved under Federal Rule of Civil Procedure 60(b) for relief from the Court's final judgment dismissing this case. She urges the Court to revisit its decision on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). This is a matter for the Court's discretion.

But rather than discuss the Rule 60(b) standard, Plaintiff relies on out-of-circuit authority regarding extensions of time, and/or the grounds for dismissal, when a statute of limitations has run. *See, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013). The Court dismissed this case in the absence of a request for an extension and without recognizing any statute of limitations issue.[1] Even if the Court *sua sponte* spotted a statute of limitations problem, the Court would not have been able to grant a *sua sponte* extension. *See Smith v. District of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005) ("In the absence of any motion for an extension [of a summary judgment filing deadline], the trial court had no basis on which to exercise its discretion."); *Di Lella v. Univ. of Dist. of Columbia David A. Clarke Sch. of Law*, Civil Action No. 07-00747 (HHK), 2009 WL 3206709, at *1 (D.D.C. Sept. 30, 2009) (applying *Smith* to a failure to file proof of service). And persuasive authority recognizes that the running of a statute of limitations does *not* compel the court to grant a requested extension. *See Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) ("The district court, of course, retains discretion to refuse to extend time, even if the

---

[1] In her Complaint, Plaintiff cited the dates that an administrative decision was issued, that she received that decision, and that she "timely" brought her case. Compl., ECF No. 1, ¶¶ 14-16. But this information was not brought to the Court's attention.

2

statute of limitations has run."); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (same).

The Court must decide whether to reopen this case as of the date of the dismissal, in order to spare Plaintiff the effects of any properly tolled statute of limitations. *Cf. Ciralsky v. CIA*, 355 F.3d 661, 673-74 (D.C. Cir. 2004) (recognizing district court's "wide discretion" to deny a Rule 59(e) motion despite running of statute of limitations).

In evaluating motions for reconsideration under Rule 60(b)(1), the Court of Appeals has adopted the Supreme Court's excusable neglect analysis as set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). *See In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (applying the flexible *Pioneer* analysis to review of Rule 60(b)(1) motion). Relevant circumstances for this Court to consider include: "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.* at 1209.

Turning to the first *Pioneer* factor, the Court cannot be sure of any prejudice to Defendant, for he was not served as of the date of dismissal and the Court has not heard from him. But the Court presumes that it would be prejudicial to expend resources defending a lawsuit that may not be timely as of its filing. Second, it is not clear whether Defendant was "served"—insofar as a defendant in a dismissed case *can* be served—any earlier than June 4, 2019, which was three weeks after the Court dismissed this case pursuant to Rule 4(m). *Compare* Pl.'s Mot. at 5 (asserting service on Defendant by certified mail "[o]n or about June 4th [sic]"), *with* Notice Regarding Service, ECF No. 14 (identifying June 7 as date that Defendant was "served, via hand delivery"). Plaintiff has not identified any authority—nor is the Court aware of any—for her apparent position

that service after dismissal of the Complaint and case could be valid. Third, as the Court shall explain below, the Court finds Plaintiff's counsel's personal circumstances to be an unacceptable reason for the delay. She has also made several different representations about the triggering of the statute of limitations, such that the Court is not certain whether this case was timely filed in the first place.

Although most of the factors weigh modestly against Plaintiff's request or are unclear, the unacceptable basis for the delay tilts the scale decisively. *See Cohen v. Bd. of Trustees of Univ. of Dist. of Columbia*, 307 F.R.D. 287, 290 (D.D.C. 2014) ("[A]n especially strong showing on the reason-for-delay factor may . . . outweigh the other three factors."), *aff'd in part and rev'd in part on other grounds*, 819 F.3d 476 (D.C. Cir. 2016). Plaintiff's counsel was experiencing personal difficulties, but she was not without recourse. As counsel observes, she could have requested an extension of time to effect service. It would set a bad precedent to reopen a closed case, and thereby to effectively grant an extension of time *nunc pro tunc*, when no extension was requested before the case was closed.

Even if counsel could not make time near the Rule 4(m) deadline—or in response to the show-cause order—to request an extension, it is important to note that Plaintiff's counsel is not a solo practitioner. The Court expects that she would have sought assistance within her firm to discharge her professional obligations.[2] That counsel's personal difficulties spanned the course of months only reinforces the Court's assessment that she had adequate time to anticipate the need and to request assistance from colleagues. The obligation to request an extension places a minimal burden on the party and her counsel. *Cf. Pioneer Inv. Servs. Co.*, 507 U.S. at 396-97 (citing, e.g.,

---

[2] According to counsel's firm's website, the firm has more than 70 lawyers. *About Us*, Tully Rinckey PLLC, https://www.tullylegal.com/our-firm/about-us/ (last visited June 18, 2019).

4

*Link v. Wabash R. Co.*, 370 U.S. 626 (1962)) (recognizing circumstances in which "clients must be held accountable for the acts and omissions of their attorneys").

Upon consideration of the filings, the relevant legal authorities, and the record as a whole, and for the further reasons identified above, in an exercise of its discretion the Court **DENIES** Plaintiff's [12][13] third Motion to Vacate Dismissal *Nunc Pro Tunc and Reopen Case* [sic].

An appropriate Order accompanies this Memorandum Opinion.

Dated: June 24, 2019

                                                  /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge